IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-00714-MSK-BNB

LISA HYLAND-RIGGS,

       Plaintiff,

v.

DAVID MICHAUD, CO. Parole Board;
MARY CARLSON, DOC Time Comp.;
JEANEENE MILLER, Director, CO. Dept. Parole;
MS. DEAL, DOC Case Manager III; and
MS. DURAN, DOC Case Manager II,

       Defendants.

_____

**OPINION AND ORDER GRANTING MOTIONS TO DISMISS**
_____

       **THIS MATTER** comes before the Court pursuant to Defendant David Michaud's Motion to Dismiss **(# 18)**, to which Ms. Hyland-Riggs filed no response; Defendant Deal's Motion for Judgment on the Pleadings **(# 38)**, to which Ms. Hyland-Riggs filed no response; and Ms. Deal's Motion For Sanctions **(# 51)**, to which Ms. Hyland-Riggs filed no response.

       According to the Amended Complaint **(# 5)**, Ms. Hyland-Riggs was an inmate in the Colorado Department of Corrections. Her Amended Complaint concerns an allegation that the Defendants have improperly prolonged her detention by failing to credit her with certain "null" time against her sentence. The chronology in the Amended Complaint is somewhat difficult to follow, but the record seems to indicate that Ms. Hyland-Riggs began serving a custodial sentence in or about June 2006, and was released on parole on or about November 15, 2007. On

or about September 15, 2008, Ms. Hyland-Riggs was cited for several parole violations, including an alleged "escape," and revocation of her parole was sought. On October 23, 2008, Ms. Hyland-Riggs pled guilty to some of the parole violations, but the alleged "escape" violation was dismissed. Her parole was revoked *nunc pro tunc* to October 1, 2008, and she was remanded to CDOC custody to serve the remaining 210 days of her sentence.

Ms. Hyland-Riggs contends that she is entitled to a credit of 56 days against her sentence. That 56-day period is listed in CDOC records as being "absconder time," which CDOC declines to credit to Ms. Hyland-Riggs. Ms. Hyland-Riggs contends that, because the "escape" charge against her was dismissed, CDOC is not entitled to withhold the 56 days of credit. As a result, CDOC calculated her release date as being November 18, 2009, but Ms. Hyland-Riggs contends that she should have been released on September 18, 2009.[1] The record indicates that Ms. Hyland-Riggs was indeed released on the sentences at issue on November 18, 2009 (although she remains in CDOC custody on a different sentence).

Ms. Hyland-Riggs commenced this action on March 23, 2010. In her Amended Complaint (# 5), she contends that her improperly-prolonged detention violated the Due Process clause of the 14th Amendment to the United States Constitution. She alleges that each of the Defendants is liable to her for monetary damages for such a deprivation. As relevant here, Ms. Hyland-Riggs contends that Mr. Michaud "did knowingly and willfully subject [her] to a longer sentence by failing to adhere to the rules of the Department of Corrections and the state statutes

---

[1] According to the Court's calculations, if Ms. Hyland-Riggs' CDOC-calcuated release date of November 18, 2009 were advanced by 56 days, she would have been eligible for release on September 23, 2009, not September 18, 2009 as she contends. It is not necessary for purposes of the instant motion for the Court to attempt to resolve this apparent discrepancy.

of the State of Colorado." With regard to Ms. Deal, Ms. Hyland-Riggs simply asserts that "Ms. Deal's actions resulted in Plaintiff's unconstitutional sentence of imprisonment past her discharge date."

Both Mr. Michaud and Ms. Deal move to dismiss the claims against them. Mr. Michaud contends **(# 18)** that, as "former Chairman of the Colorado Board of Parole," he is entitled to absolute immunity from claims for money damages arising out of parole board duties. Ms. Deal argues **(# 38)** that the claim against her fails to state a claim under Fed. R. Civ. P. 12(b)(6), in that it fails to adequately allege facts showing Ms. Deal's personal participation in any constitutional deprivation.

In considering Ms. Hyland-Riggs' filings, the Court is mindful of her *pro se* status, and accordingly, reads her pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in her use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Ms. Hyland-Riggs of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat Ms. Hyland-Riggs according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

## ANALYSIS

A. Mr. Michaud's Motion to Dismiss

Turning first to Mr. Michaud's motion, he contends that, as a matter of law, he enjoys

absolute immunity from suit over decisions made by him as a member of Colorado's Parole Board. Although the Amended Complaint is not entirely clear as to how Mr. Michaud was involved with this action, Ms. Hyland-Riggs has identified Mr. Michaud in the caption as being a member of the Colorado Parole Board, has identified him in the Certificate of Service attached to the Amended Complaint as "Chairperson," indicated that she was released on parole "to the care of [Mr.] Michaud," and that Mr. Michaud issued the parole violation notice she received in September 2008.[2] These allegations are sufficient to lead the Court to understand that Ms. Hyland-Riggs alleges that Mr. Michaud acted as a representative of Colorado's Parole Board.

The 10th Circuit has recognized that "members of a parole board have absolute immunity from damages liability for actions taken in the performance of the board's official duties regarding the granting or denying of parole." *Russ v. Uppah*, 972 F.2d 300, 303 (10th Cir. 1992). Because Ms. Hyland-Riggs clearly indicates that her claims against Mr. Michaud arise entirely from his service on the Colorado Parole Board, he is entitled to absolute immunity from her claims. Accordingly, Ms. Hyland-Riggs' claims against Mr. Michaud are dismissed.

B. Ms. Deal's Motion to Dismiss

The Court then turns to Ms. Deal's motion. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-plead allegations in the Complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer*

---

[2]These last two allegations are framed in somewhat unorthodox language, but the Court understands them to indicate that Ms. Hyland-Riggs' release on parole was approved by Mr. Michaud as the Chairperson of the Parole Board, not necessarily into his physical care or custody, and that the violation of parole allegations were prosecuted in the name of Mr. Michaud as Chairperson of the Board, but that the allegations were not personally drafted or prosecuted by Mr. Michaud himself.

*Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001), *quoting Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The Complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Benefield v. McDowall,* 241 F.3d 1267, 1270 (10th Cir. 2001); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). The Court must limit its consideration to the four corners of the Amended Complaint, any documents attached thereto, and any external documents that are referenced in the Amended Complaint and whose accuracy is not in dispute. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001).

In *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court clarified what constitutes a "well-pleaded fact" for purposes of a Rule 12 analysis. A pleader is not required to set forth "detailed factual allegations," but must offer more than "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Iqbal*, 129 S.Ct. at 1949. The cases make clear that it is <u>facts</u>, not conclusions, that must be pled; "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," including "legal conclusion[s] couched as a factual allegation." *Id.* at 1949-50. Moreover, the facts pled must demonstrate a "plausible" claim, that is, one in which the pleader has shown more than just an abstract "possibility" that the defendant has engaged in actionable

misconduct.[3] *Id.* One way in which the Court might conduct its analysis is to "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and disregard them. Then, faced with only well-pleaded factual allegations, the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

The Court assumes that Ms. Hyland-Riggs can, in the abstract, state a constitutional claim on the facts asserted herein. That is, Ms. Hyland-Riggs can arguably show that she has a constitutionally-protected liberty interest in being relased from incarceration at the conclusion of her properly-calculated sentence, and that an arbitrary refusal of CDOC officials to correct mistakes in the computation of her sentence could constitute a violation of her substantive and procedural Due Process rights. *See e.g. Dodds v. Richardson*, 614 F.3d 1185, 1192-93 (10th Cir. 2010)  However, an essential element of this or any § 1983 claim is an allegation that each named Defendant personally participated in the constitutional deprivation. *Id.* at 1194.

Here, beyond identifying Ms. Deal's address, the entirety of Ms. Hyland-Riggs' mention

---

[3]The Supreme Court took pains to ensure that the word "plausible" is understood to mean that the plaintiff has a demonstrable and concrete belief that a wrong has been committed and the defendant is the person responsible, as opposed to a set of facts in which a wrong might possibly and hypothetically be ascertained, and the defendant might, hypothetically, be a person who might have been responsible for that wrong.  For example, in *Twombly*, the Court observed that the plaintiff in an antitrust case had sufficiently pled as a fact that two defendants had engaged in "parallel behavior."  However, it found that while parallel conduct <u>might</u> be consistent with the required element of an agreement between the two defendants, "it was not only compatible with, but indeed was more likely explained by, lawful unchoreographed free-market behavior." 550 U.S. at 567.  Thus, "the well-pleaded fact of parallel conduct, accepted as true, did not plausibly suggest an unlawful agreement."  *Id.* at 570.

Cases such as *Twombly* and *Iqbal* make clear that the "plausibility" requirement is not an invitation to this Court to speculate as to whether well-pleaded facts alleged by the pleader are likely to be proven true or not.  In this sense, "plausible" is not the synonym of "believable."

of Ms. Deal in the Amended Complaint consists of two sentences: "Ms. Deal did knowingly and willfully ignore Plaintiff's continued requests to rectify the missing 'null' time. The results of Ms. Deal's actions resulted in Plaintiff's unconstitutional sentence of imprisonment past her discharge date."

These allegations are insufficient to state facts that, if proven, would demonstrate Ms. Deal's personal participation in the deprivation of Ms. Hyland-Riggs' Due Process rights. Ms. Hyland-Riggs alleges that Ms. Deal "ignored [her] continued requests to rectify" the allegedly erroneous sentence computation, but Ms. Hyland-Riggs has not pled any facts that show that Ms. Deal had the power or authority to make such a correction. Ms. Hyland-Riggs identifies Ms. Deal in the caption as a "Case Manager," a title which, in the prison context, connotes a CDOC employee who is responsible for "communicat[ing] directly with the offender; identify[ing] any progress or regress [by offenders]; classify[ing] offenders in accordance with policy; and refer[ring] offenders to appropriate programs and transitional placements." CDOC Administrative Regulation AR-550-01, Sec. I.[4] Nothing in Ms. Hyland-Riggs' Amended Complaint contends that Ms. Deal, as a Case Mangager, has the power to "rectify" sentence computations. Without such an allegation, the mere contention that Ms. Deal failed to "rectify" an error that she had no ability to actually correct is insufficient to establish Ms. Deal's personal participation in any constitutional deprivation suffered by Ms. Hyland-Riggs. Accordingly, because Ms. Hyland-Riggs has not adequately alleged all of the facts necessary to state a claim

---

[4]Viewable at http://www.doc.state.co.us/sites/default/files/ar/0550_01_0.pdf

against Ms. Deal, the claims against Ms. Deal must be dismissed.[5]

For the foregoing reasons, Mr. Michaud's Motion to Dismiss **(# 18)** is **GRANTED**, and all claims against Mr. Michaud are **DISMISSED**. Ms. Deal's Motion for Judgment on the Pleadings **(# 38)** is **GRANTED**, and all claims against Ms. Deal are **DISMISSED**. The caption of the case is amended to omit reference to these Defendants. All future pleadings shall reflect the modified caption. Ms. Deal's Motion For Sanctions **(# 51)** is **DENIED AS MOOT**.

Dated this 15th day of February, 2011

**BY THE COURT:**

_Marcia S. Krieger_
_____

Marcia S. Krieger
United States District Judge

---

[5] The Court does not opine at this time as to whether Ms. Hyland-Riggs can cure the defect in her claim against Ms. Deal by seeking amendment under Fed. R. Civ. P. 15(a).