IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-00714-MSK-BNB

LISA HYLAND-RIGGS,

       Plaintiff,

v.

MARY CARLSON, DOC Time Comp.;
JEANEENE MILLER, Director, CO. Dept. Parole; and
MS. DURAN, DOC Case Manager II,

       Defendants.

_____

OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
_____

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion for Summary Judgment **(# 56)**, to which Ms. Hyland-Riggs has filed no response.

## **FACTS**[1]

Because Ms. Hyland-Riggs did not respond to the Defendants' motion, the Court takes as true those facts established by the evidence supplied by the Defendants with their motion. Fed. R. Civ. P. 56(e)(2), (3).

The underlying facts are somewhat difficult to ascertain, as the Defendants primarily rely on internal documents whose contents are not always self-evident. The Defendants have not supplied a narrative affidavit specifically addressing the underlying events, and the narrative

---

[1] The Court previously addressed **(# 54)** the facts of this case in granting a motion to dismiss by certain defendants. To the extent relevant, that factual recitation is deemed incorporated herein.

1

given in the Defendants' brief does not always clearly correlate with the documents submitted as evidence.

Nevertheless, it appears that on November 15, 2007, Ms. Hyland-Riggs completed the custodial portion of a sentence imposed following her conviction in Douglas County, Colorado. Upon her release from custody, she began serving a two-year period of parole. On August 5, 2008, her Parole Officer issued a Complaint, alleging that Ms. Hyland-Riggs had violated the terms of her parole in various respects. One of the alleged violations was that Ms. Hyland-Riggs had escaped or absconded.

Ms. Hyland-Riggs was arrested on October 16, 2008, and appeared before Parole Board Member on October 23, 2008 for adjudication of the charges against her. The transcript of that hearing reflects that she was found guilty of failing to submit to a drug test as ordered and failing to report to the parole office as directed. The presiding Parole Officer orally dismissed another count alleging that she had escaped or absconded, although the reasons for doing so are not evident from the record. The Parole Board revoked Ms. Hyland-Riggs' parole for a period of 210 days, *nunc pro tunc* to October 1, 2008.

Ms. Hyland-Riggs commenced this action in 2010, alleging that she had been held in custody beyond her release date by a period of 56 days in violation of her right to substantive due process. She brings her claim pursuant to 42 U.S.C §1983. In specific, she alleges that the Parole Board refused to credit her with detention between the August 5, 2008 Complaint and the October 1, 2008 revocation of her parole which was required when the absconding charge was dismissed.

The Defendants move **(# 56)** for summary judgment on Ms. Hyland-Riggs' claims

against them. Defendants Miller and Duran argue that Ms. Hyland-Riggs cannot show that they personally participated in any deprivation she may have suffered, insofar as neither were involved in sentence calculation and at most were aware of Ms. Hyland-Riggs' contentions that her sentence calculation was incorrect. Defendant Carlson, Time Computation Manager for the Division of Parole, seeks summary judgment on the grounds that the conduct alleged, even if true, fails to arise to the "shocks the conscience" standard required of a substantive due process claim, that Ms. Hyland-Riggs cannot demonstrate that Ms. Carlson acted with a sufficiently culpable state of mind, and that Ms. Carlson is entitled to qualified immunity.

## ANALYSIS

### A. Standard of Review

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby

favoring the right to a trial.  *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required.  If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### B. Personal participation

As explained in the Court's prior Order in this case, the Court assumes that Ms. Hyland-Riggs can arguably show that she has a constitutionally-protected liberty interest in being released from incarceration at the conclusion of her properly-calculated sentence and that an arbitrary refusal of CDOC officials to correct mistakes in the computation of her sentence could constitute a violation of her substantive and procedural Due Process rights.  *See e.g. Dodds v. Richardson*, 614 F.3d 1185, 1192-93 (10th Cir. 2010).  However, an essential element of this or any §1983 claim is an allegation that each named Defendant personally participated in the constitutional deprivation.  *Id.* at 1194.  A defendant may be liable for personally engaging in the conduct constituting the deprivation, for controlling or directing the conduct, or for promulgating and/or implementing an official policy that caused the conduct to occur.  *Martinez v. Milyard*, 440 Fed.Appx. 637, 638 (10th Cir. 2011) (unpublished), *citing Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) *and Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).

Here, the record indicates that Ms. Duran was Ms. Hyland-Riggs' Case Manager for a

brief period of time in October 2008.  Ms. Duran has submitted an affidavit stating that she met Ms. Hyland-Riggs only once, that she has no responsibility or authority as a Case Manager to compute or adjust an inmate's sentence, and that Ms. Hyland-Riggs never complained to her about her sentence.  Ms. Hyland-Riggs has submitted no contrary evidence, and thus, the Court takes Ms. Duran's assertions as true.  On this record,  Ms. Hyland-Riggs cannot demonstrate that Ms. Duran personally participated in any constitutional deprivation arising out of her sentence computation.  Thus, Ms. Duran is entitled to summary judgment on the claims against her.

Ms. Miller has submitted an affidavit stating that, although she serves as Director of the Division of Adult Parole, she has "no responsibility for the computation of any offender's time of incarceration" and "do[es] not have any authority to compute or make any adjustments to an offender's time of incarceration."   She states that she was not involved with the computation of Ms. Hyland-Riggs' sentence, that she did not communicate with any person about Ms. Hyland-Riggs' sentence, and that Ms. Hyland-Riggs never complained to her about the calculation of her sentence.  On this record, Ms. Hyland-Riggs cannot show that Ms. Miller personally participated in any deprivation of Ms. Hyland-Riggs' constitutional rights.  Thus, Ms. Miller is entitled to summary judgment in her favor on all claims against her.

### C.  Due Process Violation

The sole remaining Defendant is Ms. Carlson, who acknowledges that she is the Manager of Time and Release Operations renders her responsible for overseeing the computation of Ms. Hyland-Riggs' sentence.  However, Ms. Carlson argues that Ms. Hyland-Riggs cannot demonstrate that Ms. Carlson violated her substantive due process rights because Ms. Hyland-Riggs' sentence was correctly computed.

Ms. Carlson contends that Ms. Hyland-Riggs was properly placed on "absconder" status (and thus was not earning credit against her sentence) from August 5 to October 1, 2008, notwithstanding the dismissal of the escape charge. She argues that "Colorado law does not require an adjudication of absconding or escape for [the Department of Corrections] to exclude time as an absconder from the time of incarceration." In support of this contention, she cites to C.R.S. § 17-22.5-402(1). That statute states that "no inmate shall be discharged . . . until he has remained the full term for which he was sentenced . . . excluding any time the inmate may have been at large by reason of escape therefrom." Ms Carlson is correct that the statute gives no indication as to what legal standards govern or who makes the requisite determination of whether an inmate is an absconder or has engaged in an "escape".

In this regard, Ms. Carlson directs the Court to *Lange v. Schauer*, 520 P.2d 753, 755-56 (Colo. 1974). In *Lange*, inmate escaped from a prison honor farm, was apprehended a month later and charged with joyriding. The inmate was found not guilty of joyriding by reason of insanity, and was confined to a mental hospital where he was treated for several years before being returned to the custody of the Department of Corrections. By way of a *habeas* petition, the inmate sought credit against his sentence for the time during which he was confined in the state hospital, reinstatement of his "good time" earned prior to his escape, and a determination that a two-year parole ineligibility (due to escape) statute be held inapplicable to him. The trial court granted a *habeas* petition by the inmate, finding that because he was not mentally culpable for his escape he should receive the credits requested.

On review, the Colorado Supreme Court partially affirmed that determination. The Court held that the inmate should not receive any credit for the time he was confined to the mental

6

hospital because such confinement was for treatment, rather than punishment. However, noting that the determination of insanity would have precluded any criminal punishment for the escape, the Court held that it was similarly inappropriate to impose administrative sanctions for the inmate's escape. Thus, the administrative sanctions of loss of "good time" and application of the parole ineligibility statute due to the escape could not be imposed. It observed that "[i]t would be an anomaly under the circumstances of this case that [the inmate], by reason of his legal insanity and unaccountability, could not have been convicted of felonious escape . . . whereas he could be held accountable for his escape [under a similar time computation statute] in spite of his insanity and unaccountability." *Id.* at 756.

Because *Lange* addresses sentence computation after an escape, it appears to have some similarity to this matter. However after closely reading *Lange*, the Court does not find it instructive in this context. Beside addressing statutes not at issue in this case, *Lange* concerned the interplay between a bar against criminal punishment and application of administrative sanctions for the same act. In this case, however, Ms. Hyland-Riggs seeks a credit against her sentence for the time during which she was on absconder status because no escape charge was pursued and proven. *Lange* does not address these facts and offers no guidance in interpreting the statute at issue C.R.S. § 17-22.5-402(1). Ms. Carlson cites to no other authority for the proposition that an unadjudicated allegation of escape permits denial of sentence credit under C.R.S. § 17-22.5-403, and thus, the Court cannot say that, as a matter of law, Ms. Carlson's calculation of Ms. Hyland-Riggs' sentence was correct.

The ambiguity as to sentence calculation under C.R.S. § 17-22.5-403 is significant, however, in the context of Ms. Carlson's argument that she is entitled to qualified immunity on

Ms. Hyland-Riggs' claims.  A government official, sued in an individual capacity for damages under § 1983, is entitled to qualified immunity unless the plaintiff can show both: (i) that the official deprived the plaintiff of a constitutional right; and (ii) the contours of that constitutional right were "clearly established" at the time of the official's conduct, such that a reasonable official would have recognized that the conduct violated the constitution.  *See e.g. Kerns v. Bader*, 663 F.3d 1173, 1180 (10th Cir. 2011).  The Court may address either prong of the analysis first, as may be appropriate.[2]  *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Assuming that Ms. Hyland-Riggs' sentence was not properly calculated and that such failure constitutes a violation of substantive due process, to avoid a determination of qualified immunity,  Ms. Hyland-Riggs must point to controlling precedent – *i.e.* an on-point or factually-analagous decision from the U.S. Supreme Court, Colorado Supreme Court, or 10th Circuit, or the weight of authority in other circuits – recognizing a constitutional violation in the circumstances presented here.  *Klen v. City of Loveland*, 661 F.3d 498, 511 (10th Cir. 2011); *Kerns*, 663 F.3d at 1182-83.

By failing to respond to the Defendants' motion, Ms. Hyland-Riggs has, by definition, failed to carry the burden required of her by the "clearly established" prong.  Even if Ms. Hyland-Riggs had responded, however, the Court's own research has revealed no law that

---

[2]*Pearson* notes that, although courts can resolve qualified immunity challenges on the "clearly established" prong without ever reaching the question of whether a constitutional violation occurred, they should be reluctant to do so except in certain specified instances.  *Id.* at 236-42.  Among the types of cases where disposing of an issue on the "clearly established" prong first may be appropriate are those where the constitutional question involves "an uncertain interpretation of state law," a circumstance that is certainly present here.  *Id.* at 238; *see also id.* at 239 (resolving "clearly established" prong first also appropriate where briefing of the constitutional question is inadequate, another situation presented here given Ms. Hyland-Riggs' *pro se* status and failure to respond to the summary judgment motion).

conclusively indicates that an inmate who has been initially charged with escape, but has not had that charge adjudicated, is deprived of a constitutional right when the state refuses to credit the inmate's sentence with time spent at-large. Without such authority, the Court cannot say that Ms. Collins should have known that her refusal to grant Ms. Hyland-Riggs such credit would constitute a constitutional violation. Accordingly, because Ms. Hyland-Riggs cannot show that Ms. Collins conduct violated a "clearly established" constitutional right, Ms. Collins is entitled to qualified immunity on Ms. Hyland-Riggs' claims for damages. It appearing that Ms. Hyland-Riggs seeks only monetary relief in this action – it is undisputed that she has concluded the sentence at issue here, thus making declaratory or injunctive relief unavailable – Ms. Collins is entitled to summary judgment on all claims against her.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion for Summary Judgment **(# 56)** is **GRANTED**. The Clerk of the Court shall enter judgment in favor of the Defendants.

Dated this 24th day of February, 2012

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge