IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-00714-MSK-BNB

LISA HYLAND-RIGGS,

     Plaintiff,

v.

DAVID MICHAUD, Colorado Parole Board,
MARY CARLSON, Department of Corrections Time Comp,
JEANEENE MILLER, Director Colorado Department of Parole,
MS. DEAL, an individual,
MS. DURAN, Department of Corrections Case Manager II,

     Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the plaintiff's **Motion for Judgment by Default** [Doc. #69, filed 02/29/2012] (the "Motion").  I respectfully recommend that it be DENIED.

The plaintiff asserts that other than two letters she sent to the court on January 13 and February 9, 2012, there has been no action in this case since July 28, 2011.  She seeks judgment by default against defendants Duran, Carlson, and Miller.[1]  The Motion is frivolous.

The Federal Rules of Civil Procedure provide that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed.R.Civ.P. 55(a). A default judgment may be entered if the defendant is in default.  Fed.R.Civ.P. 55(b).

_____

[1]The plaintiff does not seek any relief other than default judgment.

Defendants Duran, Carlson, and Miller filed a motion for summary judgment on March 31, 2011 [Doc. #56].[2]  The motion was granted on February 24, 2012 [Doc. #66], and a final judgment was entered against the plaintiff and in favor of the defendants on February 28, 2012 [Doc. #68].  The defendants are not in default.

I respectfully RECOMMEND that the Motion be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated April 2, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[2]The defendants certify that the summary judgment motion was mailed to the plaintiff at her address of record on March 31, 2011. *Defendants' Motion for Summary Judgment* [Doc. #56], p. 18; *Defendants' Response to Plaintiff's Motion for Judgment by Default* [Doc. #71], ¶ 5. The plaintiff does not dispute the defendants' certification.