**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

**Civil Action No. 10-cv-00714-MSK-BNB**

**LISA HYLAND-RIGGS,**

        **Plaintiff,**

**v.**

**MARY CARLSON, DOC Time Comp.;
JEANEENE MILLER, Director, CO. Dept. Parole; and
MS. DURAN, DOC Case Manager II,**

        **Defendants.**

_____

**OPINION AND ORDER OVERRULING OBJECTIONS
AND ADOPTING RECOMMENDATION**
_____

**THIS MATTER** comes before the Court pursuant to Ms. Hyland-Riggs' Objections **(#73)** to the April 2, 2012 Recommendation **(# 72)** of the Magistrate Judge that Ms. Hyland-Riggs' Motion for Default Judgment **(# 69)** be denied, and the Defendants' response **(# 77)**.

Ms. Hyland-Riggs, an inmate in the custody of the Colorado Department of Corrections, commenced this action in March 2010. She alleged that the Defendants had violated her constitutional rights in violation of 42 U.S.C. § 1983 by miscalculating her release date, resulting in her being incarcerated 56 days longer than she should have been.[1]

In early 2011, the Court dismissed **(# 54)** claims against certain Defendants. In February 2012, the remaining Defendants moved for summary judgment, and the Court granted **(# 66)** that

---

[1] It appears to the Court that the sentence that Ms. Hyland-Riggs complains of has since been discharged, but she remains in custody on other sentences that are not at issue here.

1

motion, entering judgment in favor of all Defendants.

A few days after the Court's 2012 Opinion and Order issued, Ms. Hyland-Riggs filed a Motion for Default Judgment **(# 69)**. That motion noted that there had not been significant activity in the case for several months (a period of time in which the Defendants' summary judgment motion was pending), and thus requested that the Court "grant all entitlements due the Plaintiff by virtue of defaults by the Defendants."

The Court referred Ms. Hyland-Riggs' motion to the Magistrate Judge. By Recommendation dated April 2, 2012 **(# 72)**, the Magistrate Judge recommended that the motion be denied, insofar as the Defendants had filed a motion for summary judgment and the Court had since granted that motion and entered judgment.

On April 19, 2012, Ms. Hyland-Riggs filed written Objections **(# 73)** to the Recommendation. Those Objections raise several points: (i) that no meaningful action occurred in the case after July 28, 2011, amounting to "Defendants' failure to proceed of F.R.C.P. 16"; (ii) that the Magistrate Judge struck letters written by the Plaintiff in February and March 2011, which Ms. Hyland-Riggs appears to believe violates the requirement that the Court liberally construe her *pro se* filings; (iii) that the Court has treated letters from Ms. Hyland-Riggs with "disparant regard," [sic] striking some but apparently accepting others, and that Ms. Hyland-Riggs was "never informed of why certain pieces of correspondence were accepted while others were not"; (iv) that Ms. Hyland-Riggs may have experienced some sort of difficulty in receiving mail while incarcerated, possibly suggesting that she did not receive a copy of the Defendants' summary judgment motion; (v) the Defendants engaged in "intimidation" of her by sending her a copy of her entire criminal record for no apparent reason; (vi) that the Defendants "failed to

submit a narrative tying the Defendants' source documentation together" on their summary judgment motion[2]; (vii) that it was only after Ms. Hyland-Riggs filed a "motion to compel action" that the Defendants filed pleadings after a period of seven months of silence; (viii) with regard to the merits, her absconding charge was dismissed, thus entitling her to "full restoration" of the 56 days of uncounted time; and (ix) that Ms. Hyland-Riggs "refutes and challenges the factual accuracy of the affidavit submitted [on summary judgment] by Defendant Duran," but does not elaborate.

As always, the Court reviews Ms. Hyland-Riggs' pleadings mindful of her *pro se* status, and accordingly, reads her pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in her use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Ms. Hyland-Riggs of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat Ms. Hyland-Riggs according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

It is somewhat difficult to accurately characterize the nature of Ms. Hyland-Riggs' "Objections." Although they are captioned as such, they do not strictly refute the undisputed findings by the Magistrate Judge in the Recommendation that the Defendants were not in default

---

[2]This allegation appears to simply repeat an observation made by the Court in its February 29, 2012 Opinion and Order **(# 66)** at 1-2.

because they had filed a motion for summary judgment that the Court subsequently granted. Some of the enumerated paragraphs in Ms. Hyland-Riggs' objections appear to elaborate on her argument as to why she contends the Defendants should be deemed to have "defaulted" in the action, while other paragraphs seem to take issue with how the case has been handled in other respects. In order to ensure that Ms. Hyland-Riggs' has been fully heard in all respects, the Court will treat the Objections as a motion under Fed. R. Civ. P. 59(e), seeking reconsideration of the Court's various rulings. The Court will therefore address those points in turn.

Points (i) and (vii) of Ms. Hyland-Riggs' objections relate most closely to her complaints about delay in this case. Although Ms. Hyland-Riggs is correct that there was no meaningful activity in the case between July 2011 and February 2012, this was not because the Defendants had somehow "defaulted." To the contrary, discovery had concluded and the Defendants had filed a dispositive motion that the Court was considering. Until that motion was resolved, there was simply no further activity that was required of the parties. It cannot possibly be said that, on this record, the Defendants "failed to plead or otherwise defend," Fed. R. Civ. P. 55(a), and thus, there is no merit to Ms. Hyland-Riggs' request for a default judgment against the Defendants.

Points (ii) and (iii) of Ms. Hyland-Riggs' objections complain about an Order **(# 58)** by the Magistrate Judge striking certain letters she had submitted. That Order explains that the Magistrate Judge struck several filings by Ms. Hyland-Riggs that had taken the form of letters directed to the Magistrate Judge because they were essentially *ex parte* (*i.e.* they did not indicate service of a copy on the Defendants) and that, to the extent they were requesting particular relief, they were not properly identified as motions. Although the Court has some sympathy for Ms. Hyland-Riggs, insofar as it may be difficult for a layperson to navigate the complex legal rules

that govern litigation, as noted above, her *pro se* status does not relieve her of the obligation to comply with court rules. The letters clearly violated Local Rule 77.2 and Fed. R. Civ. P. 5, in that they did not contain any indication that Ms. Hyland-Riggs had served the Defendants with copies. Accordingly, the Court cannot say that it was error for the Magistrate Judge to strike[3] them.[4] As to Ms. Hyland-Riggs' belief that there was some inconsistent treatment of her letters, with some being stricken and some not, the Court observes that this is superficially true – *e.g.* Ms. Hyland-Riggs' letter at Docket # 65 also failed to contain proof of service on the Defendants but was not stricken – but the fact that the Court did not specifically address **all** improper letters does not preclude the Court from disregarding those offending letters that it did address.

Points (iv), (v), and (vi) of Ms. Hyland-Riggs' objections are all essentially irrelevant to any issues before the Court. Even assuming Ms. Hyland-Riggs had some difficulty in receiving mail from the Court, it is clear from Docket # 57 that she was apprised of the Defendants'

---

[3]Technically, "striking" is a remedy that is authorized only for contents of an offending "pleadings," namely complaints and answers. Fed. R. Civ. P. 12(f) ("the court may strike from a pleading [certain matter]"), Fed. R. Civ. P. 7(a) (defining "pleadings"). Moreover, the modern design of Electronic Case Filing systems makes the notion of "striking" filings – in the sense of "eliminating them from the record" – inaccurate. Although there is a tendency for judges and parties to use the term "strike" or "striking" when addressing any offending filing, precision suggests that a term such as "rejecting" or "disregarding" that filing might better convey the correct idea.

[4]Ms. Hyland-Riggs did not seek contemporaneous review of the Magistrate Judge's order striking her letters, and thus, this Court did not consider the contents of those letters when deciding the Defendants' summary judgment motion. At least one of those letters, Docket # 57, is arguably a response to the summary judgment motion. Although the Court would be within its power to disregard the response for the reasons stated above, the Court has nevertheless reviewed that letter in order to determine whether Ms. Hyland-Riggs offers any facts or argument that would warrant reconsidering the Court's granting of summary judgment to the Defendants. Having engaged in such review, the Court finds nothing therein that would have change the result.

intention to file a summary judgment motion.  Moreover, Ms. Hyland-Riggs' objections make clear that she obtained a copy of the docket in this case from the Clerk of the Court on or about February 14, 2012, thus putting her on notice that a summary judgment motion had been filed months earlier.  Yet Ms. Hyland-Riggs never contacted the Court to request leave to file a response or otherwise indicate her intent to do so.  The Court cannot say that Ms. Hyland-Riggs' mail difficulties warrant reconsideration of the Court's summary judgment decision.  *See also* n. 4, *supra.*  As to Ms. Hyland-Riggs' complaints about "intimidation" or her concurrence with the Court's observation about the Defendants' awkward factual presentation, neither of these issues warrant any form of reconsideration.

Which leaves points (viii) and (ix).  The former merely restates the premise of Ms. Hyland-Riggs' argument, which the Court specifically addressed in its Opinion and Order.  In short, because Colorado law is unclear as to whether Ms. Hyland-Riggs should be credited with "absconder" time in these circumstances, Ms. Carlson is entitled to qualified immunity on Ms. Hyland-Riggs' claim for only monetary relief.  Finally, as to point (ix), even assuming Ms. Hyland-Riggs had submitted a summary judgment response consonant with what she has now submitted,  it would be too conclusory to demonstrate a genuine dispute of fact with regard to whether Ms. Duran personally participated in any constitutional deprivation relating to the computation of Ms. Hyland-Riggs' sentence.

Accordingly, the Court **OVERRULES** Ms. Hyland-Riggs' Objections **(# 73)**, and **ADOPTS** the Magistrate Judge's Recommendation **(# 72)**.  Ms. Hyland-Riggs' Motion for

Default Judgment **(# 69)** is **DENIED**.

Dated this 22nd day of August, 2012

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge